# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed:  March 13, 2019

```
* * * * * * * * * * * * * *    *
LUIS GARCIA,                   *    UNPUBLISHED
                               *
          Petitioner,          *    No. 16-1687V
                               *    Special Master Gowen
v.                             *
                               *    Attorneys' Fees and Costs
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
          Respondent.          *
* * * * * * * * * * * * * *    *
```

Jeffrey S. Pop, Jeffrey S. Pop & Associates, Beverly Hills, CA, for Petitioner.
Adriana R. Teitel, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On December 6, 2018, Luis Garcia ("Petitioner") filed a motion for attorneys' fees and costs. Petitioner's Motion for Attorney Fees ("Fees App.") (ECF No. 49). For the reasons discussed below, the undersigned **GRANTS** Petitioner's motion for attorneys' fees and costs and awards a total of $32,527.27.

### I.    Procedural History

On December 22, 2016, Petitioner filed a petition in the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving the influenza ("flu") vaccination on September 7, 2015, he suffered Guillain-Barré Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP"). Petition at 1. On October 17, 2018, the

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy.  If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

parties filed a stipulation which I adopted as my Decision awarding damages on the same day. Decision, ECF No. 44.

On December 6, 2018, Petitioner filed a motion for attorneys' fees and costs. Petitioner requests compensation for his attorney, Mr. Jeffrey Pop, in the total amount of $32,527.27, representing $28,738.00 in attorneys' fees and $3,789.27 in costs. Fees App. at 4. Pursuant to General Order No. 9, Petitioner indicates that he has not personally incurred any costs in pursuit of this litigation. Fees App. Ex. 4.

Respondent reacted to the fees motion on December 20, 2018, indicating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that "the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs." Response at 2-3 (ECF No. 29). Petitioner did not file a reply. The matter is now ripe for adjudication.

## II.   Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation, but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). In this case, Petitioner was awarded compensation pursuant to a stipulation, and therefore he is entitled to an award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.   Attorneys' Fees

Petitioner requests the following rates of compensation for his attorneys: for Mr. Jeffrey Pop, $400.00 per hour for work performed in 2015 and $420.00 per hour for work performed in 2016-2018; for Ms. Kristina Grigorian, $250.00 per hour for work performed in 2016-2018. Fees App. Ex. 1 at 2. Petitioner also requests that senior law clerk Thomas Hahn be compensated at $145.00 per hour and other law clerks be compensated at $125.00 per hour for all work performed regardless of year. *Id.*

The rates requested for the attorneys and law clerks in this case are consistent with what I and other special masters have awarded Mr. Pop's firm for their work on Vaccine Program cases. *See Morrison v. Sec'y of Health & Human Servs.*, No. 16-526V, 2017 WL 6889720 (Fed. Cl. Spec. Mstr. Nov. 28, 2018); *Contreras-Rodriguez v. Sec'y of Health & Human Servs.*, No. 05-626V, 2018 WL 3989507 (Fed. Cl. Spec. Mstr. July 2, 2018). Accordingly, no adjustment to the requested

rates is necessary. Additionally, the overall hours spent on this matter (109.9) appear to be reasonable, and counsel successfully settled the case despite my concerns about the claim's ultimate viability. I have reviewed the submitted documentation and do not find any entries to be objectionable, and Respondent has not pointed to any particular entries as objectionable. Accordingly, based on the rates determined, I will award Petitioner a total of **$28,738.00** in attorneys' fees.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $3,789.27. This amount consists of acquiring medical records, mailing costs, and the Court's filing fee. Fees App. Ex. 2 at 2. I have reviewed the requested costs and find them to be reasonable and Petitioner has provided adequate documentation supporting all of the requested costs. Accordingly, Petitioner is entitled to the full amount of costs sought.

### III.   Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $28,738.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$28,738.00** |
| | |
| Attorneys' Costs Requested | $3,789.27 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$3,789.27** |
| | |
| **Total Amount Awarded** | **$32,527.27** |

**Accordingly, I award the following:**

1) **A lump sum in the amount of $32,527.27, representing reimbursement for petitioner's attorneys' fees and costs, in the form of a check payable to petitioner and his attorney, Mr. Jeffrey Pop.[3]**

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Thomas L. Gowen**</u>
Thomas L. Gowen
Special Master

---

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).